VOLLNER, Adm'x, vs. BERENS.

*November 15 — November 30, 1880.*

*Proof of Negligence: Court and Jury.*

In this action for injuries to the plaintiff's decedent, causing death, from defendant's negligence in driving a wagon against him, the trial court having directed a verdict for defendant, the judgment in his favor is reversed on the ground that, upon the evidence (for which see the opinion), the questions of defendant's negligence and of contributory negligence on the part of the decedent, should both have been submitted to the jury.

APPEAL from the Circuit Court for *Washington* County.

The complaint alleges the death of Edward Vollner on the 24th of March, 1878, intestate, and under twenty-one years of age, leaving no widow or child, and no ancestor except this plaintiff, his mother. The due appointment and qualification of the plaintiff as administratrix of his estate, is also alleged.

The complaint charges that the intestate came to his death, on the day aforesaid, by means of the defendant driving his team and wagon against him in the public highway, along which the deceased was passing. The defendant is charged with negligence in driving against the deceased, and it is averred that the latter was guilty of no neglect or default which contributed to his death. The defendant answered a general denial. At the close of the plaintiff's testimony on the trial, the court denied defendant's motion for a nonsuit; but, after the testimony was all in, directed the jury to find for the defendant, which they did. The case is further stated in the opinion. Plaintiff appealed from the judgment entered pursuant to the verdict.

The cause was submitted on the brief of *Frisby, Weil & Barney* for the appellant, and that of *O'Meara & Miller* for the respondent.

Lyon, J.   The principal error assigned is the direction of the court to the jury to return a verdict for the defendant. That direction can be upheld only on the ground that the proof shows conclusively, either (1) that the defendant was not guilty of any negligence which caused the death of Edward Vollner; or (2) that, if defendant was guilty of such negligence, the deceased was also guilty of negligence which contributed directly to his death.   The testimony on the most material questions of fact is very conflicting, but it tends to prove, and the jury might have found therefrom, the following facts:   On Sunday morning, March 24, 1878, the deceased and many other persons attended religious services at a church in Trenton, Washington county, between the hours of 9 and 11.   This church stands upon somewhat elevated ground, a few rods west of a highway running north and south.   On this highway, about thirty-six rods north of the church, there is a saloon and post-office.   At the close of the services nearly the whole of the congregation, consisting of men, women and children, left the church and went on foot towards the saloon and post-office. The highway in that direction was on a descending grade. Snow was falling at the time, accompanied by a strong wind blowing from the north.   The deceased, with two other young men, his cousins, were together, going down the road on a slow trot, with their heads down and their hats drawn over their eyes to protect them from the storm.   The highway was sufficiently wide for three teams to be driven abreast.   The deceased was in the traveled track, and there were people before and behind him.   The defendant started with his team from the saloon and drove quite rapidly towards the church. He saw the people coming from that direction.   He passed three ladies, who were about three rods in advance of the deceased, without warning, and without checking the speed of his team, and they had difficulty in getting out of the way. Just as the team was reaching the three young men, one of them saw it and sprang out of the road, at the same time call-

ing to the deceased. The latter looked up, and at that instant was struck in the neck by the end of the defendant's wagon tongue, and was so injured that he died in half an hour. The collision occurred ten or twelve rods north of the church.

The jury might also have found from the testimony that there were no other teams between the church and saloon; and, further, that the defendant was driving without cross lines connecting his horses, which made it difficult, if not impossible, to rein them to either side. The testimony for the defendant controverts many of the above propositions of fact — perhaps a jury would say it disproves them; but on this appeal we must regard the testimony in the aspect most favorable to the plaintiff. So regarding it, we cannot say that it is conclusively proved that the defendant was free from negligence in thus driving his team (if he did so) at a rapid rate of speed through a crowd of persons on foot, composed in part of women and children, and at a time when such persons might have been reasonably prevented by the beating of the storm in their faces, and by necessary precautions against it, from keeping a very vigilant watch for approaching teams. And we are more especially unable to say that his freedom from negligence is conclusively proved, in view of the testimony tending to show that he was driving without cross lines, thus depriving himself of the means of reining his team to one side of the deceased.

Neither can we say that it is conclusively proved that the deceased was guilty of negligence which contributed to his death; yet we think there is sufficient evidence tending to prove such negligence on his part to send that question also to the jury. Although the deceased ran in the track traveled by teams, with his head down and his eyes covered, apparently without thought of danger or precaution against it, still a jury might think that the circumstances which surrounded him were such as to excuse conduct which under other circumstances might be gross negligence. All this is for the jury to

determine. We must not be understood as intimating any opinion as to what facts are or are not proved by the evidence. We hold only that neither the alleged contributory negligence of the deceased, nor the freedom of the defendant from negligence, is so conclusively proved that the court could properly take either proposition from the jury. It follows that the learned circuit judge erred in directing a verdict for the defendant, and that the judgment founded on such verdict must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.