Luedtke vs. Jeffery.

LUEDTKE, Respondent, vs. JEFFERY, Appellant.

*November 20 — December 11, 1894.*

(1) *Collision on street: Negligence: Court and jury.* (2)*Appeal: General exception to charge.*

1. In an action for the killing of plaintiff's horse in a collision with defendant's team on the street in the night time, the evidence showed, among other things, that there was a traveled track on each side of the middle of the street, and tended to show that plaintiff's horse was being driven at a slow trot as far as possible to the right hand of the street, while 'defendant conceded that his horses were about the center of the street. *Held*, that the questions of negligence and contributory negligence were for the jury.

2. Where a charge to the jury covers several printed pages and contains numerous unobjectionable paragraphs, an exception "to said charge and to each and every part thereof" is too general to present for review specific errors therein.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Between 7 and 8 o'clock in the evening of December 29, 1891, the defendant, with a double team and wagon, was driving out from Milwaukee, west, on the Lisbon plank road. When he was near Thirty-First street he met the plaintiff's horse and buggy, being driven by the plaintiff's son, coming from the west into the city, and they struck each other, the defendant's wagon tongue piercing the breast of the plaintiff's horse and killing him. The plaintiff brings this action for the value of the horse on the ground that he was killed by the negligence of the defendant. The defendant denies the negligence, and alleges contributory negligence. At the close of the trial the jury returned a verdict in favor of the plaintiff for $90 damages; and from the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Kelly & Kelly*, and oral argument by *John T. Kelly*.

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*.

CASSODAY, J. It appears that the street at the place in question was somewhere from thirty to forty feet wide, and that there were two traveled or beaten wagon tracks,— one north of the middle of the street, and the other south of the middle. As the plaintiff's horse was at the time being driven east, and the defendant was at the time driving west, it is manifest that, by the law of the road, the plaintiff's horse was entitled to the south side of the street, and the defendant was entitled to the north side of the street. R. S. sec. 1591. The evidence of the plaintiff's driver is more or less confused and contradictory; nevertheless, there is evidence in the case tending to prove that the plaintiff's horse was at the time being driven upon a slow trot on the south track, and so near the ditch that he could not go further south without driving into the ditch. On the other hand, the defendant concedes that his horses were at the time in about

the center of the street,— a little bit north of the center. Such being the evidence, we find no error in refusing to grant a nonsuit, nor in refusing to direct a verdict in favor of the defendant. In other words, the evidence was such that the court could not say, as a matter of law, that the defendant was not negligent, nor that the plaintiff's driver was guilty of contributory negligence.

Counsel for the defendant specifies three separate paragraphs in the charge, each of which he claims to be erroneous. The charge covers more than three printed pages. The only exception to any portion of it is at the close thereof, and in these words: "To which said charge, and to each and every part thereof, the defendant then and there duly excepted." The charge certainly contains numerous paragraphs which are unobjectionable. This being so, we must, upon the repeated decisions of this court, hold that the exception is too general to present for review the specific errors mentioned. *Hamlin v. Haight*, 32 Wis. 237; *Corcoran v. Harran*, 55 Wis. 120; *C. Aultman & Co. v. Case*, 68 Wis. 612; *Carroll v. Little*, 73 Wis. 52. We perceive no reversible error in the record.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.