Mayer, Respondent, vs. The Milwaukee Street Railway Company, Appellant.

*May 23 — June 20, 1895.*

*Personal injuries: Pile of snow in street: Evidence: Inaccurate plat: Special verdict: Assuming controverted fact: Improper remark of counsel: Immaterial errors.*

1. In an action for personal injuries alleged to have been caused by a pile of snow placed in the street by defendant's employees, evi-

dence as to their piling snow in the street should be limited to the place of the accident or its immediate vicinity.

2. A witness having testified to having seen snow piled in several different places in the vicinity, among others at the exact place in question, a motion to strike out his entire answer was properly overruled.

3. The submission in a special verdict of questions which in form presupposed the existence of the pile of snow was not a material error, where a preceding question was as to whether a pile of snow was the proximate cause of the accident, and the jury were told that if they answered that question in the negative they need not answer the remaining questions.

4. The admission in evidence of an inaccurate plat is not a material error where the jury viewed the premises and it does not appear that the inaccuracy could have had any prejudicial effect.

5. An improper remark of plaintiff's counsel in his argument to the jury in respect to the amount of damages will not work a reversal, where the attention of the trial court was not called to it in any way and the damages recovered were very moderate.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Personal injuries. The plaintiff was riding in a sleigh on Third street in the city of Milwaukee, on the morning of February 20, 1893, at about 5 o'clock, with two other men, named Magnus and Weiss, the horse being driven by Magnus. They drove north on Third street to the point of its intersection with Green Bay avenue. Third street runs directly north and south, while Green Bay avenue runs northwest and comes into Third street at an acute angle. A double line of street railway tracks, owned and operated by defendant, runs north on Third street and turns northwest on Green Bay avenue. A large car barn of the defendant is located on the east side of Third street, just opposite its intersection with Green Bay avenue, and eight tracks run out of the barn. These tracks run straight west, partly across Third street, and then curve to the northwest, and all finally come into the easterly main track of the line by means of switches. The plaintiff and his companions crossed

the barn tracks and then turned onto Green Bay avenue, where, according to their testimony, they ran into a large pile of hard snow between the easterly track and the sidewalk, by means of which the sleigh was tipped over and they were thrown out, the plaintiff being seriously injured. The plaintiff's claim was that this pile of snow was placed there by the defendant's servants in clearing away the snow from the tracks in front of the car barns. The defendant denied that any snow had been placed there by its employees.

The jury returned the following special verdict: " (1) Was the plaintiff, on February 20, 1893, between 4 and 5 o'clock A. M., while traveling on and along Green Bay avenue, in the Thirteenth ward of the city of Milwaukee, injured by reason of the sleigh in which he was seated being tipped over and he thrown out of the sleigh? *Answer* (*by the court*). Yes. (2) Was the proximate cause of the injury a pile of snow situated on the east side of Green Bay avenue, just north of the intersection of Third street? *A.* Yes. (3) If you answer the second question in the affirmative, was the pile of snow placed there by servants or employees of the defendant? *A.* Yes. (4) If you answer the third question in the affirmative, were the servants or employees, when they piled the snow there, working within the scope of their employment or with the knowledge and consent of the defendant? *A.* Yes. (5) Was Green Bay avenue, at the place of accident, when not obstructed, adapted or used for ordinary travel, from curb to curb? *A.* Yes. (6) Was the pile of snow an obstruction to travel in the ordinary traveled part of Green Bay avenue? *A.* Yes. (7) Was the pile of snow an obstruction to travel on Green Bay avenue, between the east and west curbing thereof? *A.* Yes. (8) Did the pile of snow render the highway dangerous or unsafe for public use? *A.* Yes. (9) Was the plaintiff's driver traveling in the ordinary traveled part of the highway when the sleigh tipped? *A.* Yes. (10) Was there any want of ordinary care

on the part of the plaintiff or the driver of the sleigh which proximately contributed to the injury? *A.* No. (11) Was there any want of ordinary care on the part of the defendant or its servants or employees which was the proximate cause of the injury? *A.* Yes. (12) If the court should be of the opinion that the plaintiff is entitled to recover, at what sum do you assess his damages? *A.* $1,200."

From judgment for the plaintiff upon this verdict the defendant appealed.

For the appellant there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *George H. Wahl.*

For the respondent there was a brief by *Granger & Son,* and oral argument by *S. W. Granger.*

WINSLOW, J. It is manifest that the judgment is sustained by findings of the special verdict, and examination of the record shows that there was sufficient evidence to sustain the findings. Therefore, unless error occurred in the rulings upon the trial, the judgment must be sustained.

It is claimed by defendant that testimony tending to show the deposit of piles of snow by the defendant's employees in other places than that where the accident occurred was erroneously admitted. Doubtless, the testimony as to such deposit of snow should be limited to the immediate vicinity of the place of the accident. The fact that snow was piled by the employees at other places is not proof that they piled it at the place of the accident, and such was evidently the view of the trial judge, as he several times ruled that such testimony must be confined to the place of the accident. It is true that one witness, who lived in the immediate vicinity, testified to having seen snow piled in several different places about the intersection of Third street and Green Bay avenue, among others at the exact place in question, and a motion to strike out the entire answer was overruled; but this motion was evidently too broad in its scope, as the answer,

so far as it pertained to the place in question, was certainly competent. On examination of the testimony of all the witnesses who testified upon this point, we think it fairly appears that the testimony was practically confined to the place of accident or its immediate vicinity.

Two plats were introduced in evidence, showing the intersection of the two streets and the location of the main and switch tracks, one being introduced by the plaintiff, and one by the defendant. It appears that the plaintiff's plat was not quite accurate in its representation of the places where the switch tracks joined the main track, and the reception of this inaccurate plat in evidence is alleged as error. The inaccuracy in this regard is not disputed, but, as the jury had viewed the premises, and as it does not appear that such inaccuracy could have any prejudicial effect on the determination of the issues presented, there was no error committed.

It is said that it was error to submit to the jury the sixth, seventh, and eighth questions of the special verdict, for the reason that they presuppose the existence of a pile of snow in Green Bay avenue, which was a controverted question. The fact seems to have been very conclusively proven that there was a pile of snow at the place in question at the time of the accident; but even if there were substantial controversy upon the point, we still think there was no prejudicial error in the form of these questions, because the jury had been previously told, in substance, that if they answered the second question in the negative,— that is, that the proximate cause of the injury was not a pile of snow,— they need not answer the remaining questions. Thus the jury were quite plainly told that the existence of the pile of snow was a question for them to settle, and which, if settled in the negative, was decisive of the case.

In the closing argument the plaintiff's counsel used the following language, which was excepted to by the defend-

ant: "Give the plaintiff such sum—I started to say such: sum as would be a punishment, but I don't say it; I take it all back." The remark was improper, but the attention of the court does not seem to have been called to it in any way, nor was there any ruling upon it, nor request to make a ruling. Furthermore the damages recovered were very moderate, considering the serious nature of the plaintiff's injuries. Under these circumstances there is no error. *Heucke v. Milwaukee City R. Co.* 69 Wis. 401.

*By the Court.*— Judgment affirmed.