Morgan, Appellant, vs. Pleshek, Respondent.

*December 16, 1903—January 12, 1904.*

*Negligence: Personal injuries: Contributory negligence: Evidence:
Conflicting inference: Question for jury.*

In an action for personal injury alleged to have been caused by
defendant's negligence, the evidence, stated in the opinion,
considered, and *held* to present a situation from which a rea-
sonable inference could be drawn in support of either party
to the action on the question of defendant's negligence and
of plaintiff's contributory negligence, and it was therefore
error to direct a verdict.

Appeal from a judgment of the circuit court for Shawano
county: John Goodland, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries and for
damages to appellant's property caused by respondent. Ap-
pellant alleges that the injuries were caused by respondent's
negligence and carelessness in managing his horses and com-
ing into collision with him, causing his buggy to upset, and
throwing him into the street; resulting in injuries to his
body, which made him sick and prevented him from attend-
ing to his business. These charges respondent denies. It
appears by the evidence that, while appellant and respond-
ent were using the public streets of the city of Shawano, their
vehicles collided, causing the accident in question. Appel-
lant was in his buggy, and had stopped to speak with one
Holtz, on Main street at a point between the center and the
west line of the street, running north and south, either near
or on the south line of an alley running at right angles to the
street. Respondent drove from this alley onto the street with
his team of horses and lumber wagon. There was testimony
tending to show that, while appellant was so occupying Main
street, respondent drove out of the alley toward Main street
over the sidewalk and an incline on the space between the
sidewalk and the gutter, and then into the street; thereby col-

liding with appellant's vehicle, and tipping it and throwing him onto the street. There was evidence tending to show that respondent had ample space and opportunity to drive to the north of appellant's vehicle, and thus avoid colliding with it. Appellant testifies that his position was eight or ten feet south of the alley line, and that he did not observe respondent until he drove into his vehicle. Other witnesses testified upon this subject, some corroborating and others contradicting the appellant as to the position of his buggy in respect to the alley line, and the space afforded respondent, in the use of the street, for avoiding a collision with appellant's buggy. A number of witnesses were called by both parties, who testified to matter material to the issue, and whose evidence conflicted on important matters. At the conclusion of the testimony, respondent's counsel moved for a direction of the verdict in his favor. The court granted the motion, and awarded judgment dismissing the complaint.

For the appellant there was a brief by *Dreier & Winter,* attorneys, and *Wallrich, Dillett & Larson,* of counsel, and oral argument by *M. G. Eberlein.*

For the respondent there was a brief by *E. V. Werner,* attorney, and *E. M. Wescott,* of counsel, and oral argument by *Mr. Werner.*

SIEBECKER, J.  The complaint charges respondent with negligence in driving his team of horses, and thereby causing his wagon to collide with appellant's buggy. It was shown that the parties were at the city of Shawano on the day of the accident, driving their teams, each consisting of two horses and a vehicle; that, while upon Main street, respondent's wagon collided with appellant's buggy, causing him to fall to the ground. At the time of collision, appellant had stopped his team, and was seated in the buggy, conversing with one of the witnesses (Mr. Holtz). He had driven southward, crossing the lines of an alley connecting at right

angles from the west with Main street. The respondent drove from the alley toward the street, crossing a sidewalk and an incline toward the gutter, and onto the street. The burden of the argument in this case was directed to the inquiries whether the trial court erred in holding that the evidence did not tend to show that respondent was guilty of negligence, as charged, and whether the evidence established that appellant was guilty of negligence contributing to produce the injury.

The rule is well settled that, if there is any credible evidence in the case from which a reasonable inference may be drawn in support of the claim of either party to the action, then the court cannot assume to decide the controversy as a matter of law. Under such circumstances, the questions of fact must be submitted to, and determined by, a jury. *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Lewis v. Prien,* 98 Wis. 87, 73 N. W. 654. The trial court held the evidence did not tend to show that respondent was guilty of negligence in colliding with appellant's vehicle. There was testimony in the case that appellant had crossed and driven beyond the full width of the alley to a distance of from six to eight feet before he stopped his team on Main street, and that respondent could have cleared his buggy if he had driven directly and straight out into the street when coming from the alley. Some of the witnesses who observed the parties and location of the two teams testified that there was ample street space for a person driving from the alley to avoid encountering appellant's buggy, and nothing to prevent driving a team of horses to the right, if necessary, in passing from the alley onto Main street. The facts established by the situation itself indicate, if the jury had found that appellant had actually passed by the alley six or eight feet, then respondent must of necessity have turned toward his buggy before colliding with him. True, there was considerable testimony tending to show that respondent endeav-

·ored to avoid coming in contact with appellant's vehicle which was clearly within his view when he approached the street. This emphasizes the fact that the evidence upon the question of negligence sharply conflicted, and that the jury might reasonably have drawn different inferences in support of the claims of either party. We are persuaded there was credible evidence in the case to justify the jury in drawing the inference that respondent was guilty of negligence in colliding with appellant's buggy, and that appellant was free from contributory negligence. On the other hand, the jury would have been justified had they found no actionable negligence against respondent. This question should have been submitted to the jury, under the rule that persons using the public streets must exercise reasonable care to avoid collisions with persons or vehicles. *Stringer v. Frost,* 116 Ind. 477, 19 N. E. 331; *Evans v. Adams Ex. Co.* 122 Ind. 362, 23 N. E. 1039; *Vollner v. Berens,* 50 Wis. 494, 7 N. W. 371; *Belton v. Baxter,* 58 N. Y. 411; *Quirk v. Holt,* 99 Mass. 164.

We need not call further specific attention to the evidence upon the question of appellant's negligence as contributing to the injury. It does not appear specifically whether the court put its ruling upon this ground, or not; but, since it was included in the motion for the direction of a verdict, we must assume the court concluded that appellant was guilty of a want of ordinary care, contributing to produce the accident. If his testimony, as well as other evidence adduced, be taken as true, it cannot be said, as a matter of law, that any want of ordinary care on his part proximately contributed to the injury. If the jury had found from the testimony of appellant and others who were eyewitnesses to the occurrences that he exercised ordinary care in stopping his vehicle on the street and at the place specified, and that he was unaware of respondent's approach or that his safety was in any way imperilled, it could not be held as conclusively established that he was guilty of want of ordinary care, con-

tributing to produce the accident. Yet by a different inference of fact from the evidence he might be deemed guilty by the jury of contributory negligence. When no conflicting reasonable inferences can be drawn from the evidence as to the question of negligence, it is a matter of law for the court; but, when the evidence is such that conflicting reasonable inferences may be drawn, it is a matter for the jury. *Curry v. C. & N. W. R. Co.* 43 Wis. 665. This state of the evidence left the question of appellant's contributory negligence uncertain, upon the proof, and therefore should have been submitted under proper instructions from the court. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Maanum v. Madison,* 104 Wis. 272, 80 N. W. 591.

From this it results that the judgment must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial.