# CASES DETERMINED

AT THE

# January Term, 1908.

---

KERSTEN, Respondent, vs. WEICHMAN and others, Appellants.

*November 9, 1907—March 10, 1908.*

*Pleading: Amendment: Surprise: Admissions: Instructions to jury: Omnibus exceptions: Improper remarks of counsel.*

1. In a counterclaim to an action for rent for lands defendant sought damages for plaintiff's failure to give him the use of a certain large dwelling house on the lands. Plaintiff's reply stated that there were two houses on the leased lands. At the trial plaintiff was permitted to strike out this allegation and to insert in lieu thereof a statement that defendant was given possession of another house on lands of plaintiff other than those leased, and that another house was situated on lands not leased, the title to which was in dispute. *Held* that, in the absence of affidavit or showing of surprise, the allowance of such amendment was proper.

2. A portion of a pleading eliminated by subsequent amendment cannot be treated as an admission of the party pleading it.

3. A single exception to a portion of a charge containing independent propositions, some of which are correct, is insufficient to present the question of the correctness of any one proposition singly.

4. Errors assigned respecting remarks of counsel and admission and rejection of evidence cannot be considered on appeal, in the absence of objections taken or rulings asked thereon.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

VOL. 135 — 1

This action was brought to recover $200, the rental of certain lands in Marinette county. The complaint alleges in substance that the appellants and respondent entered into an agreement by the terms of which respondent agreed to lease to appellants the following described premises: The fractional N. E. ¼ of section 20, and that portion of section 17 lying south of the Peshtigo river, also lot 1, section 18, and also the S. E. ¼ of the N. W. ¼ of section 20, all in township 32 N., of range 20 E., being situate in Marinette county, Wisconsin, comprising in all 337 acres, more or less, for the period of one year at $200 rental; that, by arrangement between respondent and appellants, appellants agreed to pay $50 of the rental to one Henry Zech and $150 to respondent; that Zech has assigned to respondent his claim against appellants for the $50; that subsequent to said contract appellants took possession under the lease; that respondent performed all the conditions and covenants of the lease by him to be performed; that said term of one year expired on May 20, 1904; and that the $200 rental became due at that time. Appellants answered, admitting the making of the lease and agreement to pay $150 to respondent and $50 to Zech, but denied any liability for rent under the lease, and counterclaimed for damages in the sum of $300 for loss of part of the crops grown upon the lands leased which were cut by said Zech and respondent and converted to their own use, and for being deprived of the use and occupation of part of the lands leased, and also for failure on the part of respondent to give them the use and possession of a large dwelling house alleged to be upon the lands leased to them. The respondent replied to the counterclaim, denying every allegation thereof except as admitted, and alleged, among other things, as follows:

"Further answering said counterclaim, he alleges that there are two houses upon the lands leased to the defendants by the lease referred to in the complaint herein."

When the case was called for trial respondent moved to amend the reply by striking out the allegation above quoted respecting the two houses upon the leased land and by inserting in lieu thereof the following:

"Further answering said counterclaim, he alleges that under said lease the defendants were given possession of a small house upon lands, other than those leased to the defendants, owned by the plaintiff; that another and larger house situated upon lands other than those leased to the defendants, and the title to which was at that time in dispute, was at that time occupied by Mrs. Zech, the mother of Henry Zech, referred to in the complaint, and continued to be occupied by her for a long time."

This amendment was allowed on payment of $10 costs. Counsel for appellants claim surprise, but made no affidavit or showing of surprise. The jury returned a verdict in favor of the respondent for $175. Judgment was rendered on the verdict in favor of the respondent, from which this appeal was taken.

*J. J. McManamy,* for the appellants.

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *E. J. B. Schubring.*

The following opinion was filed January 8, 1908:

KERWIN, J. 1. It is claimed that the court erred in allowing the respondent to amend his reply to the appellants' counterclaim. In the appellants' answer it is alleged that a large dwelling house was upon the lands leased to them by the respondent. This allegation was also made in the original reply, but in the amendment to the reply it is alleged that under the lease appellants were given possession of a small house upon lands, other than those leased to the defendants, owned by the plaintiff. The amendment changed the original reply, which in effect admitted that there were two houses upon the lands leased, so as to read that there were no houses thereon. It is insisted by appellants that the

allegations in the original reply are binding on respondent, although at variance with the allegations of the amended reply, and must be regarded in the record, and that "an admission in an answer will not be affected by a repugnant allegation or denial in any part of the same answer, and a general denial in an answer will not put the plaintiff upon proof of facts elsewhere admitted in the same answer." The following Wisconsin cases are cited on this proposition: *Hartwell v. Page,* 14 Wis. 49; *South Milwaukee B. H. Co. v. Harte,* 95 Wis. 592, 70 N. W. 821; *Sims v. Mut. F. Ins. Co.* 101 Wis. 586, 77 N. W. 908; *Farrell v. Hennesy,* 21 Wis. 632; *Dickson v. Cole,* 34 Wis. 621. These are all cases where the question arose on the pleadings before the court. When the pleading was amended the part removed by the amendment dropped out of the case as a pleading. It does not appear that the appellants were, or could have been, surprised by the amendment, or that they were in any way prejudiced by it. It is very clear that the allegations removed from the original reply were inserted by mistake and the amendment merely conformed the pleading to the facts. A broad discretion is allowed trial courts in allowing amendments, and it is clear that the discretion of the court was not abused in allowing the amendment. Sec. 2830, Stats. (1898); *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55; *Ill. S. Co. v. Budzisz,* 106 Wis. 499, 82 N. W. 534.

2. Error is assigned because the court did not submit to the jury the question whether the appellants were entitled to damages for failure to get possession of the large dwelling house. Whether this question should have been submitted to the jury depends upon whether the evidence was sufficient to support a verdict in favor of the appellants upon the proposition. Of course the law is well settled, as contended by counsel for appellants, that if there is any credible evidence from which a reasonable inference can be drawn in

support of the claim of either party the question must be left to the jury. *Zentner v. Oshkosh G. L. Co.* 126 Wis. 196, 105 N. W. 911; *Morgan v. Pleshek,* 120 Wis. 306, 97 N. W. 916; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 278, 68 N. W. 1005; *Zimmer v. Fox River V. E. R. Co.* 118 Wis. 614, 95 N. W. 957. The difficulty we have in this case is not with the rule of law, but with the evidence. We cannot discover from the record that there is sufficient evidence to support a finding in favor of appellants on the proposition. In fact, the showing made by the appellants themselves, we think, was sufficient to establish the fact against them. A discussion of the evidence on the point would serve no useful purpose. The court below found that there was not sufficient evidence to go to the jury upon this point, and we do not feel justified in disturbing the finding.

3. It is contended by appellants that the court erred in its instructions to the jury on the measure of damages. It is insisted by respondent that there is nothing before us for review under this head, for want of proper exceptions to the charge. The second exception covers a large portion of the charge respecting the measure of damages. A single exception to a portion of a charge containing independent propositions, some of which are good, is too general and will be disregarded. *Hayes v. State,* 112 Wis. 304, 307, 87 N. W. 1076; *Grabowski v. State,* 126 Wis. 447, 105 N. W. 805; *Sheppard v. Rosenkrans,* 109 Wis. 58, 85 N. W. 199. The portion of the charge excepted to by the second exception contains at least two separate and distinct propositions on the question of the measure of damages, one of which is unobjectionable. Therefore, under the established rule of this court, the exception must be disregarded.

4. Other errors are assigned respecting remarks of counsel in presence of the jury and in the admission and rejection of evidence. No objection was taken to the remarks

of counsel or a ruling asked thereon; hence this alleged error cannot be considered. *Mayer v. Milwaukee St. R. Co.* 90 Wis. 522, 63 N. W. 1048; *Pelton v. Spider L. S. & L. Co.* 132 Wis. 219, 112 N. W. 29. Counsel claims further under this head that the right to a full cross-examination was denied him. We are unable to discover from the record that appellants were prejudiced by any ruling made against them on cross-examination. Some of the questions were objectionable as assuming facts not proved, others were objectionable on the ground of incompetency or immateriality, and still others on the ground that the subject had been fully covered. Nor was there any error in admitting evidence that there were no houses upon the leased land. The allowance of the amendment to the reply, heretofore referred to, rendered this evidence admissible.

We think the case was fairly tried and no reversible error committed, and that the judgment should be affirmed.

*By the Court.*—The judgment is affirmed.

WINSLOW, C. J., took no part.

A motion for a rehearing was denied March 10, 1908.