BROOKLYN CREAMERY COMPANY, Respondent, vs. FRIDAY, Appellant.

*December 18, 1908—January 5, 1909.*

*Sales: Action for goods sold and delivered: Pleading: Complaint: Counterclaim: General denial contained in reply: Variance: Materiality: Amendment to conform to proofs: Appeal and error: Review: Objection first made in appellate court.*

1. Under a complaint for goods sold and delivered at an agreed price plaintiff is at liberty to show any contract of sale, oral or written, under which the goods in question were delivered.
2. Where, in answer to such a complaint, the defendant pleaded by way of counterclaim that the contract was such as to require further deliveries, which plaintiff had failed to make, if the plaintiff wished to rely upon a modification of the contract and

default of the defendant in performing the contract so modi-
fied sufficient to excuse further deliveries, strictly the reply
should have pleaded such modification.

3. In such case, however, a general denial in the reply put in issue
the existence of the contract pleaded in the counterclaim, and
it was therefore no material variance to admit evidence of the
modification in explanation or justification of the plaintiff's
refusal to make further deliveries.

4. In such case, the action having been tried before a referee, in
the absence of any request in that behalf it is too late to allege
in the supreme court for the first time that, had defendant been
apprised by the pleadings before trial of the claim that the con-
tract had been modified, he could have secured an important
witness to the contrary.

5. In such case an amendment of the pleadings to conform to the
proof is *held* proper.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment in an action at law upon
contract.

For the appellant the cause was submitted on the brief of
*Duffy & McCrory.* Among other references they cited *Nin-
man v. Suhr,* 91 Wis. 392, 64 N. W. 1035; *Wanzer v. How-
land,* 10 Wis. 8; *Duval v. Am. T. & T. Co.* 113 Wis. 504, 89
N. W. 482; *Computing S. Co. v. Churchill,* 109 Wis. 303, 85
N. W. 337; *Goodwin v. Merrill,* 13 Wis. 658; *Gordon v.
Brewster,* 7 Wis. 355; 8 Am. & Eng. Ency. of Law (2d ed.)
632.

For the respondent there was a brief by *Perry Niskern,*
attorney, and *John J. Wood, Jr.,* of counsel, and oral argu-
ment by *Mr. Wood.* Among other references upon the part
of the respondent were *Montgomery v. Am. Cent. Ins. Co.*
108 Wis. 146, 84 N. W. 175; *Hilliard v. Wis. L. Ins. Co.,
ante,* p. 208, 117 N. W. 999; 9 Cyc. 734; sec. 2830, Stats.
(1898); *Hammer v. Schœnfelder,* 47 Wis. 455, 2 N. W.
1129; 2 Greenl. Ev. § 261, notes.

TIMLIN, J. The plaintiff went to trial before a referee
upon a complaint for goods sold and delivered at an agreed

price of $725.42, of which $507.95 had been paid, leaving due $217.47. The defendant's answer denied generally, except as explained, and averred in explanation that the plaintiff had entered into an agreement with him whereby plaintiff was to furnish and deliver the entire output or product of its creamery, with certain specified exceptions, at a stated price, and that plaintiff made several deliveries on the contract, which were paid for by defendant, and one which was not paid for in full, but upon which there was a balance of $210 unpaid because the plaintiff refused to make further shipments. Defendant also interposed a counterclaim against plaintiff for breach of the last-mentioned contract. The plaintiff by verified reply made general denial to the counterclaim. The referee in time reported his findings of fact and conclusions of law to the circuit court, substantially to the effect that there was a contract made between the parties, as claimed in the answer, upon which there was $210, with interest at six per centum from July 7, 1902, due from defendant to plaintiff; that said contract was so modified by subsequent agreement as to require the defendant to give certain security for future deliveries to him. Defendant failed to do so, and the plaintiff rightfully refused further deliveries; hence nothing was allowed on the counterclaim. Upon crossmotions for confirmation and for modification of the referee's report the court permitted the plaintiff to amend its complaint to conform to the proof already in before the referee by averring a contract of the tenor and effect stated in the answer and a modification thereof as mentioned. Judgment was given for the plaintiff for the sum of $210, with interest and costs. The appellant contends that these rulings of the circuit court were erroneous and prejudicial. We perceive no error in the rulings. *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55.

Under the form of pleading followed in the complaint the plaintiff was at liberty to show any contract of sale, oral or written, under which the goods in question were delivered.

The defendant, as a basis for its counterclaim, very properly pleaded that said contract was such as to require further deliveries, which the plaintiff failed to make. Strictly, the reply of the plaintiff to this counterclaim should have pleaded modification of this contract, and default of the defendant in performing the contract so modified sufficient to excuse the plaintiff from further deliveries. But the general denial of the plaintiff to the counterclaim put in issue the existence of the contract as pleaded by the defendant. It was therefore no very material variance to admit evidence of the modification in explanation or justification of the plaintiff's refusal to make further deliveries. The defendant claims that, had he been apprised by the pleadings before trial of this claim that the contract was modified, he could have secured an important witness to the contrary. But he was informed by the testimony before the referee, and we are all aware how readily an adjournment could have been obtained before the referee if applied for, and how liberal the courts are, upon proper application at the time of confirmation, to re-refer for the purpose of taking some omitted item of proof or to take such proof then and there. But no such request was made, and it is too late in this court to indulge in mere hypotheses with reference to what this witness might testify. The amendment of the pleadings to conform to the proof was proper. Sec. 2830, Stats. (1898); *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; *Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499.

*By the Court.*—The judgment of the circuit court is affirmed.