Elwell, Respondent, vs. Bosshard, Appellant.

*October 8—October 29, 1912.*

*Assault and battery: Damages: Appeal: Exceptions: Sufficiency.*

1. An award of $300 compensatory damages for an assault and battery is *held* to be sustained by the evidence, plaintiff having been attacked upon a public street and, besides injury to his feelings resulting from the indignity, his physical injuries being somewhat serious.
2. A general exception to the entire charge to the jury, much of which is concededly correct, is not available on appeal; nor is a general exception to the refusal to give requested instructions, some of which at least should not have been given.

Appeal from a judgment of the circuit court for Juneau county: James O'Neill, Circuit Judge.    *Affirmed.*

For the appellant the cause was submitted on the brief of *Naylor & McCaul.*

*Daniel H. Grady,* for the respondent.

Kerwin, J.    This is an appeal from a judgment for damages in an action for assault and battery.    The jury returned a verdict for the plaintiff for $300 compensatory damages and awarded no punitory damages.

Error is assigned upon the charge to the jury, refusal to charge as requested, and because the damages are excessive. On the question of excessiveness of damages little need be said. There is evidence that the assault was committed on a public street and that the defendant struck plaintiff on the nose, chin, and cheek with his fist, and that shortly after plaintiff was struck he fainted; that he suffered severe pain in his left temple and left eye; that his cheek and mouth were cut; that his nose was cut and his false teeth broken and his gums severely injured. There is an abundance of evidence that defendant struck plaintiff repeatedly with considerable force. Moreover, the attack was made upon a public street and was witnessed by several persons, therefore injury to feelings resulting from the indignity and public exposure was properly to be considered by the jury. *Draper v. Baker,* 61 Wis. 450, 21 N. W. 527. There was also testimony of physicians as to seriousness of the injuries. It is wholly unnecessary to review the evidence. It is ample to support the verdict for the amount of damages awarded.

The errors assigned on the charge and refusal to charge cannot be reviewed for want of proper exceptions. The appellant filed a general exception to the entire charge. Much of the charge is concededly good, and so admitted by appellant; therefore the exception was not sufficient. A general exception was also filed to the refusal to charge. Counsel for appellant made several distinct requests embraced in separate and distinct propositions, some of which, at least, should not have been given; therefore the general exception to refusal to charge as requested was not sufficient. *Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499; *Bouck v. Enos,* 61 Wis. 660, 21 N. W. 825; *Luedtke v. Jeffery,* 89 Wis. 136, 61 N. W. 292; *Sheppard v. Rosenkrans,* 109 Wis. 58, 85 N. W. 199.

*By the Court.*—The judgment of the court below is affirmed.