BAZELON, Respondent, vs. LYON and others, Appellants.

*April 17—May 8, 1906.*

*Evidence: Secondary evidence: Conclusions: Book entries: Rebuttal: Instructions to jury: Appeal: Immaterial errors: Review of evidence to sustain verdict.*

1. Evidence that a letter could not be produced but had been burned or destroyed was sufficient to warrant the admission of secondary evidence of its contents.

2. Permitting plaintiff's husband to testify that she did not owe defendants anything is *held*, in view of other testimony, not to have been prejudicial error, although the question called for a conclusion.

3. Permitting plaintiff's husband to testify that before paying for them he wished to examine goods shipped by defendants to plaintiff, because he "wouldn't trust" defendants, is *held*, in view of other testimony, not to have been prejudicial error.

4. To render book entries admissible in evidence under sec. 4189, Stats. 1898, the preliminary proof required by that section must be made.

5. It was competent to permit a witness (plaintiff's agent) to testify on rebuttal as to whether or not he wrote a letter at a certain time which a witness on the other side attempted to show he had written at that time.

6. In an action to recover the amount paid for goods which had been returned to the defendants, it being undisputed that the amount

was due to plaintiff unless she had received credit therefor, it was not error to refuse to instruct the jury that the burden was upon plaintiff to show by a preponderance of the testimony and with reasonable certainty that defendants were indebted to her.

7. A statement in the charge that "the goods did not correspond with the order and were returned" is *held* not a prejudicial error although the evidence on that point was conflicting, the only contested issues being whether plaintiff had received credit for the goods so returned and whether defendants were entitled to anything on their counterclaims.

8. Where there is any credible evidence to support the verdict, the ruling of the trial court sustaining it will not be disturbed on appeal.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaintiff for the sum of $34.30. The claim set up in the complaint is for money had and received on account of money paid to the defendants for goods which were returned. The defendants answered denying generally the allegations of the complaint, and set up three several counterclaims amounting in the aggregate to $139.64. The gist of the several counterclaims is that the defendants at different times, at the instance and request of the plaintiff, shipped to her several bills of goods, which she refused to receive and which were returned, in consequence of which breaches of contract on the part of the plaintiff the defendants sustained damages in the aggregate amount specified in the answer. The jury found in favor of the plaintiff for the amount claimed, $34.30, and disallowed the defendants' counterclaims. Judgment was rendered in favor of the plaintiff, from which this appeal was taken. Numerous errors are assigned by the appellants which will be briefly considered.

For the appellants there was a brief by *Luse, Powell, deForest & Luse,* and oral argument by *L. K. Luse.*

For the respondent the cause was submitted on the brief of *Henry C. Wilson.*

Kerwin, J. 1. Error is assigned because the court permitted the witness Bazelon to testify to the contents of a letter which he claims to have received from the defendants, upon the grounds that the original should have been produced or a proper foundation laid for secondary evidence of its contents, which had not been done. We think the testimony sufficient to warrant the introduction of secondary evidence. There was evidence to the effect that the letter could not be produced—that it had been burned or destroyed. Besides, it does not appear to be seriously disputed that a copy of the missing letter produced and appearing in the record is a true copy. We think there was no prejudicial error in the admission of the evidence under this assignment of error.

2. Error is assigned because the court permitted the witness Bazelon to testify that his wife did not owe Lyon Bros. anything, on the ground that the question called for a conclusion. Conceding that the question was not strictly proper, in view of the testimony developed in the case upon this subject we think no prejudicial error was committed in overruling the objection to it.

3. Counsel also asked the witness Bazelon the following question: "Why did you make this request of looking the goods over before you paid?" An objection to this question was overruled, and the witness answered: "I wouldn't trust them, Mr. Wilson, I wouldn't trust them people." This ruling is also assigned as error. In view of other testimony in the case respecting the dealings between the parties, it does not seem that this answer could have prejudiced the defendants.

4. It is assigned that the court erred in excluding book entries and certain exhibits presented. These entries were offered under sec. 4189, Stats. 1898, and in order to make them admissible it was necessary to comply with the provisions of the statute. This statute makes it necessary to prove either by the testimony of the person who made the entries,

or, if he be beyond the reach of a subpœna, to make such proof by any person having custody of the entries and who testifies that the same were made by the person or persons authorized to make them, in whose handwriting they are, and that they are true and correct to the best of his knowledge and belief. A careful examination of the testimony convinces us that these provisions of the statute were not complied with. Hence the court was right in excluding the evidence. *Milwaukee T. Co. v. Warren,* 112 Wis. 505, 87 N. W. 80; *Kelley v. Crawford,* 112 Wis. 368, 88 N. W. 296.

5. It is also insisted that the court erred in its rulings respecting a letter and envelope offered containing written order, together with remarks made by the court in the presence of the jury regarding the same. The error assigned seems to be directed particularly to the remarks of the trial judge. These exhibits were first ruled out, and, after considerable discussion between the court and counsel and additional evidence offered, they were finally admitted. Without going into a discussion of the remarks made by the court, of which complaint is made, we are unable to see that they could have prejudiced the jury. *Owen v. Long,* 97 Wis. 78, 72 N. W. 364.

6. Nor do we think any prejudicial error was committed on the cross-examination of the witness Ficklen, complained of. It was competent to permit the witness Bazelon on rebuttal to testify as to whether or not he wrote the letter during the year 1902 which Ficklen attempted to show he had written at that time.

7. Error is assigned because the court refused to give the following instruction requested by defendants:

"The burden of proof is upon the plaintiff to show that the defendant is indebted to her, and, unless this is shown by a preponderance of the testimony and with reasonable certainty, your verdict should be for the defendant."

We think no error was committed in the refusal to give this instruction. The action was brought to recover $34.30 paid for goods returned. It was undisputed that this bill of goods had been returned.. Therefore this amount was due to the plaintiff, unless she had received credit therefor.

8. It is also insisted that the court erred in its charge to the jury. We have carefully examined the charge and think all disputed matters were fairly submitted to the jury. It is claimed that the statement, "The goods did not correspond to the order and were returned," was error, on the ground that the evidence was conflicting upon this point. But the goods were in fact returned and accepted by the defendants, and the only contested issues were whether the plaintiff got credit for the goods so returned, and whether defendants were entitled to any amount on their counterclaims. These questions were fairly submitted to the jury. *Davis v. C., M. & St. P. R. Co.* 93 Wis. 470, 67 N. W. 16, 1132.

9. It is also insisted that there was not sufficient evidence to support the verdict. Where there is any credible evidence to support the verdict this court will not disturb the ruling of the trial court sustaining the verdict. *Bannon v. Ins. Co. of N. A.* 115 Wis. 250, 91 N. W. 666; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57. The case seems to have been fairly tried upon the merits, and the judgment should not be reversed, unless we can see that error was committed which prejudiced the defendants. *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816.

We discover no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.