REMINGTON DRAINAGE DISTRICT: APPEAL OF CHANDOS.

*March 9—March 30, 1909.*

*Drains: Validity of drainage laws: Statute construed: Provisions for new assessment of benefits: Pleading: Demurrer.*

1. The drainage laws can be sustained only by reason of the public nature of the enterprise and the actual benefits accruing to the persons taxed.

2. Sec. 10, ch. 419, Laws of 1905 (sec. 1379—20, Stats.: Supp. 1906); does not, in view of other provisions of the chapter, authorize a new assessment of benefits by supplemental report or petition of the drainage commissioners, but relates merely to the correction of insubstantial errors in the proceedings not going to jurisdiction over the subject matter.

[3. Whether the first assessment of benefits in drainage proceedings is final and conclusive for all time, except as qualified by sec. 39, ch. 419, Laws of 1905 (sec. 1379—31r, Stats.: Supp. 1906), and whether said sec. 39 is valid, not determined.]

4. A demurrer to the remonstrance against the granting of a petition in drainage proceedings relates back to the petition and raises the question of its sufficiency.

APPEAL from an order of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer to the remonstrance of the appellant, *Chandos.*

The cause was submitted for the appellant on the brief of *H. I. Gardner,* and for the respondents on that of *John A. Gaynor* and *B. M. Vaughan.*

Among other references upon the part of the appellant

·were the following: 10 Am. & Eng. Ency. of Law (2d ed.)
253, 255; *Stone v. Little Yellow D. Dist.* 118 Wis. 388, 95
N.. W. 405; 23 Cyc. 861; *Van Dresar v. Coyle,* 38 Wis. 672;
*Pier v. Storm,* 37 Wis. 247; *Egan v. Sengpiel,* 46 Wis. 703,
1 N. W. 467; *Main v. McLaughlin,* 78 Wis. 449, 47 N. W.
·938.

TIMLIN, J.    Drainage commissioners appointed under sec.
1379—11 *et seq.,* Stats. (1898), had their amended and final
report confirmed by the circuit court as provided by these
·statutes on September 2, 1902.    They made on September 1,
1904, an additional assessment under sec. 1379—24, to com-
plete the construction, and on October 23, 1907, filed a sup-
plemental report substantially to the effect that when the re-
port confirmed September 2, 1902, was made it was thought
that the ditches therein described would be of sufficient depth
.and capacity to drain the land, but experience had shown they
·were not so; that, in order to give good and sufficient agri-
·cultural drainage to the lands in the district and permit the
maintenance of good roads therein, certain specified drains
should be deepened and widened as indicated.    The cost of
this enlargement of drains was reported at $28,623.31.    This
drainage district since its original formation had been en-
larged by addition of certain lands, and it was further re-
ported that the benefits accruing to the original drainage dis-
trict as it existed before enlargement from this widening and
deepening of drains would be $406,737.76, and in proportion
to the benefits theretofore reported to the court and confirmed
by the order of September 2, 1902; that this work should be
paid for by the original district for reasons given, and the
public health and welfare would be greatly promoted, etc.    A
list of assessments of the estimated cost of construction
against lands reported to be benefited is part of the petition,
and the prayer of the petition is that the former order of
confirmation dated September 2, 1902, be revised, modified,

and changed so that it confirms the reported benefits of $406,737.76, confirms the specifications for the enlarged drains, and confirms the said assessment of the cost of enlargement upon the lands and lots reported.

The appellant met this petition with a remonstrance averring that he was a landowner affected by the proposed action and showing how; that the original assessment for benefits and maintenance confirmed September 2, 1902, was for $62,831.46 and no more; that of this sum there was assessed for collection September 2, 1902, and confirmed by order of that date, $31,465.73, and by the second assessment of September 1, 1904, $7,642.48, making $39,109.21, which together with the $28,623.31 now proposed to be assessed would exceed by $4,901.06 the entire benefits first found, assessed, and confirmed by the court order of September 2, 1902. This idea is presented in several different ways in the remonstrance, and it is further averred that the order of September 2, 1902, is in force and the matters adjudicated and conclusively fixed for all time.

The petitioners demurred to this remonstrance and their demurrer was sustained, and the case is before us upon appeal from the order sustaining the demurrer and striking out the remonstrance.

One might, perhaps, be readily excused for not thoroughly understanding these drainage statutes. The provisions thereof are loosely worded, the plan complicated, and the statutes drafted as if there were no limitations upon the power of the legislature in this respect. We have given the questions involved in this appeal careful study. It is only by keeping constantly in mind that these statutes can be upheld by reason of the public nature of the enterprise in fact and the actual benefits in fact accruing to the persons taxed, and not otherwise, that we are enabled to obtain any just notion of the proper interpretation of the statute. These facts may be established beyond contradiction or denial by a ju-

dicial proceeding going upon notice and hearing as against a party to such judicial proceeding. Otherwise they would be open to controversy in every direct contest involving the right to assess or collect assessments. We need not here pass upon the validity of a statute which sought to make a judgment or order conclusive upon one of the parties litigant and not conclusive upon the other, because that question cannot arise until we first find that the legislature has really attempted to do such a thing. The commissioners base their right or claim to carry out this proceeding largely, if not altogether, upon the following provisions of statute:

"All drainage districts heretofore organized under sections of law hereby repealed shall, after the passage hereof, be governed by this act." Sec. 35, ch. 419, Laws of 1905.

"At any time prior to making the order confirming said report or thereafter, the court may permit the commissioners to present and file a supplemental report, or amend their report, as to any matter which, pursuant to the provisions hereof, was or might have been included in the original report presented by them, and after reasonable notice given to all parties interested, in such manner as the court shall direct, the court may upon the hearing in said matter make such order as the case may require." Sec. 10.

These provisions standing alone are very broad and sweeping. But they do not stand alone in the act. There is in the same section:

(1) "The order of confirmation shall be final and conclusive, the proposed work shall be established and authorized, and the proposed assessments approved and confirmed unless within thirty days an appeal be taken to the supreme court."

(2) There is in the sixth subdivision of sec. 1, and in the seventh subdivision of sec. 8, language tending strongly to show that the enlargement of a drain is a matter to be presented and passed upon by original petition of the landowners.

(3) There is after the initial petition by the landowners and after the second report of the commissioners an assessment of benefits provided for based upon such second report,

and separate and distinct from the assessment for cost of construction. The latter assessment is again subdivided into an assessment against tracts, lots, and corporations specially benefited, and the remainder of the cost of construction as there defined is then assessed against the several benefited tracts, lots, and easements in proportion to the benefits which they have assessed against the same. Secs. 8, 9, 10. Here are three different kinds of assessments provided for: First, an assessment of benefits; second, assessment of costs of construction divided into two, namely, one according to special benefits and the other according to benefits.

(4) The only authority found in this statute for any assessment of any kind after the first is as follows: First. In sec. 20, which is limited to two cases: (a) Where in the first assessment for construction (not assessment of benefits) the commissioners shall have reported to the court a smaller sum than is needed to complete the work of construction; (b) where an additional sum is needed to pay the interest on lawful indebtedness of said drainage district. In these cases the assessments shall be based on the last "assessment of benefits." Second. In sec. 13, which provides for annual assessments to keep up repairs, which shall be apportioned on the last assessment of benefits. This must be read with sec. 8, which requires the commissioners in their second report to report the probable cost of keeping in repair. Third. In sec. 39, which provides for a new assessment of benefits upon the following conditions: (a) Five years must have elapsed since the confirmation of the second report of the commissioners under the new statute, report of commissioners under the old statute; (b) there must be a petition by a stated fraction of the owners of lands within the district; (c) the petition shall contain the required averments; (d) the reassessment of benefits shall be reported to the court, and there must be notice to the parties affected, a hearing, and an order of confirmation.

In the face of these provisions of the statute it cannot be held that under the quoted paragraph from sec. 10 the commissioners may make a new assessment of benefits unless we are to reverse the ordinary rule of construction and hold that vague generalities override specific provisions relating to a particular subject matter. There are other considerations which forbid the construction placed upon this statute by the court below.

In organizing a district for the purpose of enlarging, repairing, or maintaining a drain, ditch, or levee there may be damages as well as benefits. Secs. 1, 8, ch. 419, Laws of 1905. The proceeding to enlarge must be dismissed unless the aggregate cost is less than the amount of benefits. Secs. 8, 9, 10. The assessment cannot be based upon any assessment of benefits made for any other purpose or with any other object in view, but must be with reference to the benefits accruing to the land by enlarging the drain. It "shall be apportioned on the actual benefits to the same." Sec. 8. This means the actual benefits from the enlargement of the drain. All other assessments authorized by this chapter after the first assessment are based on the last preceding assessment of benefits (sec. 20), except the assessment authorized by sec. 39, which is based on the actual benefits without reference to whether in the original assessment the lands were assessed for benefits or awarded damages. Sec. 18, relating to the authority of the commissioners, declares they "may do any and all necessary acts in and about the surveying, laying out, constructing, repairing, altering, enlarging, cleaning, protecting and maintaining any ditch, drain, levee or other work for which they shall have been appointed." These commissioners have not yet been appointed to enlarge these ditches. The last paragraph of sec. 10, under which the commissioners claim authority, must be held to be a statute of *jeofail* relating to the correction of insubstantial errors in the proceedings not going to the jurisdiction over the subject matter, but

bringing in parties, correcting errors, extending boundaries, and similar details of practice.

Whether the remedy of the drainage district, if it has any, is the institution of a new or independent proceeding, or is under sec. 39, we do not determine. Nor do we pass upon the validity of sec. 39. There are difficulties either way. But we have no doubt the ingenuity of counsel will devise some remedy under this statute if there is a real grievance existing and a remedy possible. We have omitted to decide the question whether or not the first assessment of benefits is final and conclusive for all time, except as qualified by sec. 39, because we do not necessarily reach that question and because the question is a new one and quite inadequately presented upon authority or analogy. But we do decide that, upon a fair construction of this statute, it was not intended by the lawmakers that there could be a new assessment of benefits by supplemental petition of the commissioners proceeding under the last paragraph of sec. 10 of the statute. It follows that the demurrer to the remonstrance should have been carried back to the petition and sustained as a demurrer to the petition under the rule of *State ex rel. Leiser v. Koch, ante,* p. 27, 119 N. W. 839, and cases cited.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to sustain the demurrer as a demurrer to the petition, and for further proceedings according to law.