SANBORN and another, Respondents, vs. WALTERS, imp., Ap-
pellant.

*January 13—January 31, 1911.*

*Bills and notes: Limitation of actions: Partial payment: Evidence:*
*Sufficiency: Inferences: Circumstantial evidence.*

1. A finding by the jury to the effect that a certain payment made
   upon a promissory note within six years prior to the action was
   made in part by each of the defendants, is *held* to be sustained
   by the evidence.
2. A jury may draw legitimate inferences from the facts established.
3. A material fact in a civil or criminal case may be established by
   circumstantial evidence, when the circumstances are such as to
   lead fairly and reasonably to the conclusion sought to be estab-
   lished.

APPEAL from a judgment of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

*A. P. Parsons,* for the appellant.

For the respondents there was a brief by *Carl F. Geilfuss*
and *J. E. Higbee,* and oral argument by *Mr. Higbee.*

KERWIN, J.   This action was brought to recover a balance
due on a promissory note for $2,500 executed November 22,
1901, by the defendants as joint makers.   There was a ver-
dict and judgment for the plaintiff against defendant *Her-*
*man H. Walters,* no service being had on defendant Emil R.
Walters.   Defendant *Herman H. Walters* appealed.

The only question involved is whether there was evidence
sufficient to support the verdict on the question of payment
of $200 December 15, 1903, by defendant *Herman H. Wal-*
*ters,* which payment, if made, prevented the bar of the stat-
utes of limitation, which was the only defense urged, the
execution and delivery of the note being admitted.   Divers
payments of interest were made between November 1, 1902,
and November 27, 1903, and $500 on the principal Novem-

ber 1, 1902, besides the $500 paid December 15, 1903, which latter payment defendant *Herman H. Walters* claims was made by Emil R. Walters, and no portion of it by him, therefore the statute had run against the note as to him when suit was brought in October, 1909. The plaintiff's contention is that $200 of the $500 payment made December 15, 1903, was made by defendant *Herman H. Walters.* The jury found that it was, and we think the verdict is supported by the evidence.

On the question of payment of the $500 indorsed on the note December 15, 1903, one of the plaintiffs testified: "*Q*. Do you know whether this $500 was paid by Emil or *Herman Walters? A.* I had a draft of $200 bearing *Herman Walters's* signature and $300 in cash was paid me by Emil Walters at my office in Milwaukee." There was also testimony to the effect that *Herman Walters* had made payments on the note prior to December 15, 1903. The defendant *Herman Walters* was called by the plaintiff and examined as an adverse witness under sec. 4068, Stats. (1898), and denied that he had ever paid any amount on the note, except that he loaned to his brother some money to make up the first $500 payment. This evidence was shown by letters written by defendant *Herman Walters* to be so incredible that the jury would be warranted in disbelieving it. One letter written by him to *James S. Sanborn,* one of the plaintiffs, shows that the $500 payment of November 1, 1902, was made by defendant *Herman Walters.* There are other facts and circumstances in the record tending to show that defendant *Herman Walters* did contribute to the payment of $500 made December 15, 1903. Where there is any credible evidence to support a verdict it cannot be disturbed. *Wis. F. L. Co. v. Bullard,* 119 Wis. 320, 96 N. W. 833; *Nolan v. Kroening,* 130 Wis. 79, 109 N. W. 963; *Bazelon v. Lyon,* 128 Wis. 337, 107 N. W. 337; *Roedler v. C., M. & St. P. R. Co.* 129 Wis. 270, 109 N. W. 88; *Hein v. Mildebrandt,* 134 Wis. 582,

115 N. W. 121; *Sheboygan Co. v. Sheboygan Falls,* 135 Wis. 128, 115 N. W. 330.

Counsel for appellant contends that the verdict is based upon inference. But the jury were entitled to draw legitimate inferences from the facts established. *Meyer v. Hope,* 101 Wis. 123, 129, 77 N. W. 720; *Gates v. Hughes,* 44 Wis. 332, 336. Where there is any credible evidence from which a reasonable inference can be drawn in support of the claim of either party the question is for the jury. *Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499; *Morgan v. Pleshek,* 120 Wis. 306, 97 N. W. 916; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57.

A material fact in a civil or criminal case may be established by circumstantial evidence, when the circumstances are such as to lead fairly and reasonably to the conclusion sought to be established. In the instant case we think the jury were warranted in finding as they did, therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.