RATTLESNAKE DRAINAGE DISTRICT, Appellant, vs. KOSHKONONG MUD CREEK DRAINAGE DISTRICT, Respondent.

*May 15—June 4, 1912.*

*Drains: Assessment by one drainage district against another: Validity: Presumption as to acts of commissioners: Parties: Appeal: Harmless errors.*

1. Under the statute relating to drainage districts, and particularly sec. 1379—18, Stats. (Supp. 1906: Laws of 1905, ch. 419), one district has the right to make an assessment against another district to the extent of the benefits the latter will receive from the construction of the former's work.
2. It is not a valid objection to such an assessment that only a part of the land in the district assessed will be benefited by the other's work. It is for the commissioners of the district assessed to apportion the assessment against the lands therein according to law, and in reviewing such assessment it must be presumed they will perform this duty properly.
3. Under the statute the commissioners of a drainage district are public officers and a presumption is created in favor of the regularity and validity of their official acts, which must be overcome by the person who calls the same in question.
4. Proof that lands in one district were not properly or sufficiently drained and that its ditches had not sufficient outlet; that the ditches in a district subsequently organized were lower and relieved the ditches of the first district by furnishing an outlet, thereby keeping the ditches of the first district in such condition and repair as to furnish ample drainage for the whole district, is sufficient to support an assessment against such first district.
5. It is not essential to the validity of an assessment against a drainage district that the owners of land therein should be

made parties to the proceeding. The district is a body cor-
porate and has sole identity independent of such landowners,
and the assessment is against it as a legal entity, not against
them.

6. Unfair attempts of counsel to get before the jury improper testi-
mony, leading to the discussion of irrelevant matters, is not
ground for reversal on appeal where, from the rulings of the
trial court and the instructions given, it appears that no preju-
dicial error resulted.

APPEAL from orders of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from three separate orders raising sub-
stantially the same point, namely, the validity of assessment
of benefits against the plaintiff district. One order directs
the commissioners of the *Koshkonong Mud Creek Drainage
District,* defendant, to amend their report and award costs
in the sum of $176.28 against the plaintiff district; another
denies a motion of the plaintiff, the *Rattlesnake Drainage
District,* to set aside a verdict of the jury and strike out any
assessment for benefits against the plaintiff district; and the
third and final order confirms the amended report of the com-
missioners of the defendant.

*F. W. Hall,* attorney, and *E. T. Elver,* of counsel, for the
appellant.

For the respondent there was a brief by *Buell & Lucas,*
attorneys, and *J. A. Aylward,* of counsel, and oral argument
by *Mr. F. W. Lucas* and *Mr. Aylward.*

KERWIN, J. Secs. 1379—11 to 1379—32b, Stats., as
amended (Supp. 1906: Laws of 1905, ch. 419), provide for
the organization of drainage districts. The plaintiff district
was established under the provisions of these statutes in 1908.
Its boundaries were fixed by order of the court, plans and
specifications duly filed, and notice given to all landowners
within the district and assessments for benefits which would
accrue on account of the proposed work made against each

respective parcel of land. The second report of the commissioners was adopted and a final order of the court made confirming the same, from which order no appeal was taken.

Subsequent proceedings were taken under the statute to organize the defendant district, and such proceedings were had that on the 21st day of January, 1910, the commissioners of the defendant district filed in the circuit court for Dane county their report, in which report the sum of $15,000 was assessed against the plaintiff district as benefits. Afterwards and in February, 1910, a remonstrance was filed against said report on the ground that the assessment of benefits against the plaintiff district was too high and beyond the benefits conferred upon the plaintiff district or the land situate therein, and praying that an issue be framed, a jury impaneled and its verdict taken with respect to whether the assessment of benefits was too high, and for general relief. An issue was framed and a trial before a jury had, which resulted in a verdict finding that the benefits which will be derived by the plaintiff from the drainage provided to the land in its district by the ditches which the defendant proposes to construct will be $15,015.

Appellant complains of error in the following respects: The denial by the court of plaintiff's motions to change the answer of the jury from $15,015 to six cents and direct the commissioners of defendant to strike out from their report the assessment against the plaintiff, for the reason that the proposed work would affect only a portion of the plaintiff district; the refusal of the court to strike out the whole assessment on the ground that it was unconstitutional; error of the court in ordering the defendant to amend its report making the assessment against the plaintiff district $15,015 and adjudging costs against plaintiff; confirmation of the amended report of the defendant district; and the denial of a new trial.

1. The main contention of the appellant is that all the

lands in the plaintiff district are not benefited by the proposed work of the defendant district, and that only the first eight tiers of forties reckoned from the southern boundary of plaintiff district would be benefited by such construction; that there are about 2,600 acres of marsh land in the plaintiff district and only about 1,000 acres thereof will be benefited, and if the assessment stands the balance of the land in said district must pay its share of the assessment levied against the plaintiff and future assessments without receiving any benefit therefor. But the difficulty with this argument is that, as the court below held, we are not concerned in this proceeding with the apportionment of benefits upon the several tracts of land in the plaintiff district, but only the benefits which the plaintiff district as a whole will receive from the construction of the works by the defendant district. If the plaintiff district is benefited as a whole, then we cannot assume in the present proceeding that the plaintiff will not apportion such benefits and the assessments according to law, and that no parcel will be charged with assessment in excess of the benefits received.

Sec. 1379—18, Stats., as amended, provides that as soon as may be after confirmation of the preliminary report provided for in previous sections, or within such time as the court may direct, the commissioners shall proceed to have all necessary levels taken and surveys made and shall lay out the proposed work, make a map thereof, plans, profiles, and other specifications, and report in writing to the court certain things, among which are route, boundaries, assessment of damages, assessment of benefits, and cost of construction; and further provides that if any corporation would in the judgment of the commissioners derive special benefits from the whole or any part of the proposed work, the commissioners shall so report and assess those benefits and assess against the same its proportionate share of the cost of such proposed work; and that the word "corporation" shall include other drainage districts.

Sec. 1379—31*j* provides that the boundaries of the drainage district shall not conflict with any other drainage district above or below it, and if through the construction of any proposed ditch, drain, or levee increased cost shall be entailed upon the lower district in providing means to carry off the water or remove sediment flowing from the higher district, the lands in the higher district shall be liable for such increased cost. Sec. 1379—30, as amended, provides in effect that if in the first assessment for construction the commissioners shall have reported to the court a smaller sum than is needed to complete the work of construction, or if in any year an additional sum is necessary to pay interest, etc., further or additional assessments on the lands and corporations benefited proportioned on the last assessment of benefits which has been approved by the court shall be made by the commissioners under the order of the court or presiding judge without notice, which additional assessment may be made payable in instalments as specified in sec. 12, ch. 419, Laws of 1905, and shall be treated and collected in the same manner as the original assessment for construction confirmed by the court.

It is plain from these statutes that the right of defendant to assess against the plaintiff district to the extent of the benefits plaintiff receives from the construction of the defendant's work is provided by statute.

It also appears from the evidence that very thorough examination was made by the defendant through its engineers respecting extent of the benefits conferred upon the plaintiff by the construction of defendant's ditches, and evidence offered showing increase in value of the lands in the plaintiff district caused by the drainage system of the defendant. From all the evidence in the record it appears clearly that the verdict of the jury assessing benefits at $15,015 is well supported. There is credible evidence that the southern eight tiers of forties are benefited far beyond $15,015 and upwards of $27,000.

Rattlesnake D. Dist. v. Koshkonong Mud Creek D. Dist. 150 Wis. 223.

No claim is made that the plaintiff and defendant districts were not regularly organized. Sec. 1379—31s, as amended, provides that the commissioners of drainage districts are declared to be public officers and the presumption shall be in favor of the regularity and validity of their official acts; that whenever any report of the commissioners of any drainage district, or any part of such report, is contested, remonstrated against, or called in question, the burden of proof shall rest upon the contestant, remonstrant, or questioner.

· The validity of our drainage laws has been frequently recognized by this court. *Donnelly v. Decker,* 58 Wis. 461, 17 N. W. 389; *State ex rel. Baltzell v. Stewart,* 74 Wis. 620, 43 N. W. 947; *Muskego v. Drainage Comm'rs,* 78 Wis. 40, 47 N. W. 11; *Stone v. Little Yellow D. Dist.* 118 Wis. 388, 95 N. W. 405; *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist.* 135 Wis. 228, 115 N. W. 825.

True, the costs, expenses, and damages assessed must not exceed the benefits. *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist., supra.* It does not appear in the instant case that the costs, expenses, and damages will exceed the benefits to the plaintiff district as a whole. But it is argued by appellant that some of the lands in the district are sufficiently drained and that such lands cannot be assessed for the benefit of undrained lands. It cannot be said, however, on this appeal that the plaintiff, when assessing property in its district to pay assessments made against it, will not apportion such assessment lawfully, nor can it be said that any land within the limits of the plaintiff district is not benefited by the works of the defendant. It appears from the evidence that the plaintiff's lands were not properly or sufficiently drained; that the ditches for want of sufficient outlet remained filled or partially filled with water, and that large deposits of silt accumulated in them; that the defendant district, lying adjacent to the plaintiff district, and its ditches, being lower than those of the plaint-

iff, relieve the ditches of plaintiff and furnish an outlet, thereby keeping the plaintiff's ditches in such condition and repair as to furnish ample drainage to the whole district.

Sec. 1379—23, as amended, provides that assessments for keeping drains, ditches, or other work in repair shall be due and payable on the first Tuesday of September annually; that the commissioners having charge of any completed drain, ditch, or other work shall, on the first Tuesday of June in each year, file with the clerk of the court having jurisdiction a report in which they shall specify the labor necessary to the preservation and protection of the work under their control and the sum to be assessed against each parcel, lot, easement, or corporation, and that no notice of the filing of such report shall be necessary; that all such assessments shall be apportioned on the last assessment of benefits confirmed by the court; that a hearing shall be had before the court or presiding judge, who shall examine the report, hear all objections, fix and determine the amount of such assessment, and cause such adjudication to be entered of record in court, and that the amount to be collected under the order of said court shall not in the aggregate amount in any one year to a sum greater than would be produced by the levy of thirty cents per acre on the lands benefited.

It appears from the evidence that the lands in the plaintiff district are materially enhanced in value by defendant's works. As before indicated, the plain meaning of the statutes on the subject is that all lands within a district shall pay assessments in proportion to the benefits received. Sec. 1379—18, as amended; *Sharp v. Eaton* (Ind.) 94 N. E. 753; *Culbertson v. Knight,* 152 Ind. 121, 52 N. E. 700.

The controlling question here is, To what extent is the plaintiff district benefited? and that question has been answered by the jury upon sufficient evidence. How the plaintiff is to distribute assessments upon the lands in its district or how such assessments shall be collected is not before us. No doubt the law will be found sufficient to carry out the drain-

age scheme contemplated by the statutes. Secs. 1379—31, 1379—31a, 1379—30e, 1379—31om, and other statutes on the subject.

Even if it be true that any particular parcel or parcels of land in the plaintiff district should not be benefited by the defendant's improvement, it does not follow that the assessment of benefits against the whole district is unconstitutional, since it is established that the district as a whole is in fact benefited in the amount found by the jury and the assessments must be levied according to benefits. The finding of the jury does not fix the assessment as to each separate parcel of land in the plaintiff district. The effect of the finding is to form a basis for the commissioners of the plaintiff district to make an additional assessment for construction of work which must be done before its district will be properly drained. There is nothing in the record showing or tending to show but that the plaintiff district was organized according to the statutes, and that such statutes have been fully complied with in fixing assessments of benefits within the plaintiff district, and the proceedings here in no way affect such assessments or the rule of apportionment of such assessments according to benefits, and no property right of any individual landowner in the plaintiff district is invaded, unless the total cost of construction that shall be assessed against his land exceeds the benefits conferred by the drainage.

Appellant relies upon *Lathrop v. Racine,* 119 Wis. 461, 97 N. W. 192; *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist.* 135 Wis. 228, 115 N. W. 825; and *Remington D. Dist.: Appeal of Chandos,* 138 Wis. 621, 120 N. W. 523. An examination of these cases will show that they do not apply to the situation before us.

It is also contended that the owners of the land within the plaintiff district should have been made parties. This, under the statutes referred to, is not necessary, since the assessment is not against the landowners, but against the plaintiff dis-

trict. The plaintiff is a corporation and has sole identity independent of the landowners within the district. It is a body corporate, with the right to sue and be sued and have perpetual succession. *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist.* 135 Wis. 228, 115 N. W. 825.

Counsel for appellant also allege error on account of what they term an unfair attempt of defendant's attorneys to get before the jury improper testimony seriously impairing plaintiff's rights. An examination of the record shows that counsel did make some effort to get in testimony which was not properly admissible, in consequence of which some discussion was had upon irrelevant matters. But in view of the rulings of the court and the instructions given we are satisfied that no prejudicial error resulted. Upon the whole record we are convinced that the orders appealed from are right and should be affirmed.

*By the Court.*—The orders appealed from are affirmed.