HEWITT, Respondent, vs. SOUTHERN WISCONSIN RAILWAY
COMPANY, Appellant.

*December 8, 1914—January 12, 1915.*

*Appeal: Review: Questions for jury: Street railways: Injury to pas-*
*senger: Sudden starting of car: Negligence: Contributory negli-*
*gence: Evidence.*

1. The decision of the trial court as to whether the evidence presents
   a jury question will not be disturbed on appeal unless it appears
   to be clearly wrong.
2. Where the evidence raises a jury question and the trial court has
   refused to exercise its discretion to grant a new trial, the find-
   ings of the jury are conclusive.
3. Upon evidence tending to show that when plaintiff, who was carry-
   ing a child upon one arm and a heavy package under the other,
   reached a point just inside the door of one of defendant's pay-
   as-you-enter street cars, she was required to deliver her fare;
   that as she was trying to get the money from her glove the con-
   ductor signaled for the car to start, and it started suddenly with
   a violent jerk, by reason whereof she fell backward on the plat-
   form and was injured; that no effort had been made to assist
   her; and that there were no handholds within her reach by which
   she could have guarded against being thrown down, the ques-
   tions of negligence on the part of the defendant and contributory
   negligence on plaintiff's part were properly for the jury.
4. The evidence in such case must be viewed in the light of the duty
   of the defendant to exercise the highest degree of care for the
   safety of passengers reasonably to be expected from human vigi-
   lance and foresight in view of the mode and character of the
   conveyance adopted, and consistent with the practical operation
   of the business.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

Defendant operated electrically propelled pay-as-you-enter
cars. In starting a car from a position of rest, there was,
commonly and necessarily, a sudden movement, rendering
exercise of care necessary by one standing in a car to avoid
danger of losing safe self-control. Plaintiff knew that. She

was a woman thirty years of age on the occasion in question. It was customary for a car conductor to stand inside the door of his car to receive from passengers their fare before being seated.    Plaintiff knew that.    On February 25, 1913, she boarded one of such cars, accompanied by two little girls, one three and the other seven years of age.    On one arm she carried the youngest girl and the other was engaged in carrying a fifteen-pound package of kalsomine.    As thus incumbered, when she reached a point just inside the car door, she was required to deliver her fare.    The conductor signaled quickly for the start as she was endeavoring to procure the money for her fare from the glove on her left hand.    She had just stepped over the threshold of the door and had not prepared herself in any way to guard against being disturbed by the sudden forward movement which she knew was imminent. The conductor gave the start signal which was obvious to her. The motorman obeyed.    The car started with a jerk and she fell backward through the door onto the platform and was injured.    There was testimony proving, or tending to prove the foregoing and that several passengers boarded the car ahead of plaintiff; that her movements were slow because of her being incumbered as indicated; that she delayed the car somewhat; that the car was started with considerable of a jerk,—probably was accelerated to make up for delay; that no effort was made to assist her, and that there were no handholds within her reach by which she could guard against being thrown down.

The court submitted the case to the jury for a special verdict.    The questions covered all the issues suggested by the evidence, including whether the car was started with an unusual jerk, whether plaintiff, under the circumstances, was permitted to occupy a safe place while endeavoring to pay her fare, and whether she was guilty of contributory negligence.    All the questions were answered in her favor and her

damages were assessed at $1,000.    Judgment was rendered accordingly.

For the appellant there was a brief by *Jones & Schubring,* and oral argument by *E. J. B. Schubring.*    They contended, *inter alia,* that evidence of a fall in a street car does not show a negligent starting, nor does testimony describing the starting as a "violent jerk" or as a rapid forward movement constitute evidence of a negligent starting of the car.    *Boston E. R. Co. v. Smith,* 168 Fed. 628; *Tupper v. Boston E. R. Co.* 204 Mass. 151, 90 N. E. '422; *Sauvan v. Citizens' E. St. R. Co.* 197 Mass. 176, 83 N. E. 405; *Work v. Boston E. R. Co.* 207 Mass. 447, 93 N. E. 693; *Foley v. B. & M. R. R.* 193 Mass. 332, 79 N. E. 765; *Graf v. W. J. & S. R. Co.* (N. J.) 62 Atl. 333; *Dawson v. Maryland E. R'y,* 119 Md. 373, 86 Atl. 1041; *Conroy v. Detroit U. R'y,* 139 Mich. 173, 102 N. W. 641; *Ottinger v. Detroit U. R'y,* 166 Mich. 106, 131 N. W. 528; *Rhea v. Minneapolis St. R. Co.* 111 Minn. 271, 126 N. W. 823, 824; *Augusta R. & E. Co. v. Lyle,* 4 Ga. App. 113, 60 S. E. 1075; *Vincent v. New Orleans R. & L. Co.* 134 La. 654, 64 South. 654.    The starting of the car before plaintiff had reached a seat was not negligence.    *Sauvan v. Citizens' E. St. R. Co.* 197 Mass. 176, 83 N. E. 405; *Tupper v. Boston E. R. Co.* 204 Mass. 151, 90 N. E. 422; *Herbich v. North J. St. R. Co.* 65 N. J. Law, 381, 47 Atl. 427; *Ayers v. Rochester R. Co.* 156 N. Y. 104, 50 N. E. 960, 961; *Boston E. R. Co. v. Smith,* 168 Fed. 628, 633; *Ottinger v. Detroit U. R'y,* 166 Mich. 106, 131 N. W. 528.    The rule of law is well settled in Wisconsin that where the conduct of the defendant coincided with the customary method of doing business of others under similar circumstances, no inference of negligence can arise from such conduct.    *Bandekow v. C., B. & Q. R. Co.* 136 Wis. 341, 343, 117 N. W. 812; *Prybilski v. N. W. C. R. Co.* 98 Wis. 413, 416, 74 N. W. 117; *Boyce v. Wilbur L. Co.* 119 Wis. 642,

648, 97 N. W. 563. The absence of additional appliances, handholds, or supports does not constitute negligence. Any additional handholds would not have been of any use to the plaintiff, and their absence cannot be negligence on the part of the defendant. The absence of additional handholds, therefore, was not the proximate cause of plaintiff's fall. There is no causal connection between the absence of additional handholds and the injury. *Stock v. Kern,* 142 Wis. 219, 222, 125 N. W. 447.

For the respondent there was a brief by *Henry Casson,* attorney, and *Sanborn & Blake,* of counsel, and oral argument by *C. E. Blake.* They argued, among other things, that proof that a street car started with "something more than ordinary jerking" may establish negligence. *Otto v. M. N. R. Co.* 148 Wis. 54, 57, 58, 134 N. W. 157; *Memphis St. R. Co. v. Huggins,* 215 Fed. 37; *Bell v. N. Y., N. H. & H. R. Co.* 217 Mass. 408, 104 N. E. 963; *Birmingham R., L. & P. Co. v. Hawkins,* 153 Ala. 86, 44 South. 983; *White v. Columbia & M. E. R. Co.* 215 Pa. St. 462, 64 Atl. 676; *Winona & W. R. Co. v. Rousseau,* 48 Ind. App. 248, 93 N. E. 34, 1038; *Sheffer v. L., H. & St. L. R. Co.* 22 Ky. L. Rep. 1305, 60 S. W. 403; *Bobbitt v. United R. Co.* 169 Mo. App. 424, 153 S. W. 70. The defendant was also negligent in not supplying the plaintiff with a safe place in which to stand and in failing to provide her with additional handholds, appliances, or supports while paying her fare. In this jurisdiction the standard of care in operation and construction required by a common carrier of passengers has been defined in *Ferguson v. Truax,* 136 Wis. 637, 643, 118 N. W. 251; *S. C.* 132 Wis. 478, 490, 110 N. W. 395, 111 N. W. 657, 112 N. W. 513; *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 147 N. W. 3; *Wanzer v. Chippewa Valley E. R. Co.* 108 Wis. 319, 84 N. W. 423. It was negligence for defendant to start the car before plaintiff gained a seat or place of safety. It is the duty of the carrier, where the passenger is obviously

feeble, infirm, crippled, hampered with children, etc., to see that he or she reaches a seat or other place of safety before starting the car.   *Brady v. Springfield T. Co.* 140 Mo. App. 421, 124 S. W. 1070, 1072; Nellis, Street Railways, § 301; *Sheffer v. L., H. & St. L. R. Co.* 22 Ky. L. Rep. 1305, 60 S. W. 403; *Bennett v. Louisville R. Co.* 122 Ky. 59, 90 S. W. 1052; *Louisville R. Co. v. Wilder,* 143 Ky. 436, 136 S. W. 892; *Benjamin v. Metropolitan St. R. Co.* 245 Mo. 598, 151 S. W. 91; *Ottinger v. Detroit U. R'y,* 166 Mich. 106, 131 N. W. 528; *Lockwood v. Boston E. R. Co.* 200 Mass. 537, 86 N. E. 934, 22 L. R. A. N. S. 488.

MARSHALL, J.   There is no complaint of the manner of submitting the case to the jury, either as to questions or instructions.   The sole complaints were that there was no evidence of actionable negligence and was conclusive evidence of contributory negligence.

Whether there is room in the evidence in any particular case for reasonably different conclusions as to facts, is often not an easy question to solve.   That is emphatically so from the point of view of the appellate court which has only the benefit of a printed history of the trial.   Because of the difficulty being much less from the point of view of the trial judge, who has the benefit of personal observation of the witnesses while testifying and of thus placing himself in the very atmosphere, so to speak, which environed and characterized the controverted occurrence, in general, reasonable doubts arising from the record are resolved in favor of the initial determination.

So the rule has become firmly settled as part of the unwritten law that a trial court's decision as to whether evidence presents a jury question will not be disturbed on appeal unless it appears to be clearly wrong, after giving due heed to the special reasons why it may be right.   Under such rule the case against a decision must, necessarily, be pretty conclu-

sive to answer to the call for the certainty involved in the expression "clearly wrong."

Where the evidence in a case raises a jury question and the trial court has refused to exercise its discretion to grant a new trial, the jury solution is conclusive. If it happens to be wrong in fact, it is, nevertheless, right in law. Judicial remedies must end somewhere and wise public policy places the finality at this point, and it is useless to indulge in even the hope, that settled rules will be deviated from to suit a particular case.

The foregoing observations are made to show that appellant, in such a case as this, however much he may regard the judgment against him as unjust, is quite remediless, even though the court, as an original matter, might, in a more or less degree, share his view.

Here we are unable to see that clearness of error requisite to justify reversing the initial decision that reasonable conflicting inferences arise from the evidence. The special circumstances, obvious to the conductor, characterizing the situation when he signaled for the start, might well, in the judgment of the jury, have suggested that some such thing might, which in fact did, happen. The evidence must be viewed in the light of the duty to exercise the highest degree of care for the safety of passengers reasonably to be expected from human vigilance and foresight in view of the mode and character of the conveyance adopted, and consistent with the practical operation of the business. *Wanzer v. Chippewa Valley E. R. Co.* 108 Wis. 319, 84 N. W. 423.

The particular conduct which would satisfy the rule stated under some circumstances, manifestly might not under others. In the particular instance, because of the obvious difficulties the respondent had to contend with, the jury had reasonable ground to conclude that the conductor, instead of endeavoring by a quick start of the car to immediately make up for the short delay caused by her movements, should have been considerate of her somewhat helpless situation; that he

should have taken her by the arm at the instant the car started, or motioned her forward and afforded her an instant of time to prepare for the shock which was imminent, or at least cautioned her, in view of the rather unusual start which the jury had fair ground to believe was intentionally made, to be on her guard against being disturbed by the sudden movement. If respondent was entirely unprepared to resist the shock, as counsel for appellant insist, it must have been quite obvious to the conductor, and, inasmuch as she had no time for deliberation and hardly time to mentally decide upon, or physically execute any movement for self-protection, and her mind was wholly occupied, as the conductor must, or ought to have observed, in thinking of her two charges, her package of merchandise, and of rescuing the money from her glove to pay her fare, there does not seem to be any fair ground for a decision that the jury were entirely unwarranted in acquitting her of the charge of contributory negligence.

There is no need of extending this opinion by further stating and analyzing the evidence in detail. The governing principle, as before suggested, is familiar. It rules this case in favor of respondent both on the question of whether defendant was actionably negligent and whether she was guilty of contributory negligence.

*By the Court.*—Judgment is affirmed.

Sᴛᴀᴛᴇ ᴇx ʀᴇʟ. Aᴛᴛᴏʀɴᴇʏ Gᴇɴᴇʀᴀʟ vs. Hᴀᴍᴍᴇʀʟᴜɴᴅ, City Clerk.

*December 8, 1914—January 12, 1915.*

*Taxation: Reassessment: Collecting cost from taxing district: Constitutional law.*

1. Sec. 1087—55, Stats., providing that the cost of a reassessment made by order of the tax commission shall be collected from the assessment district in which the reassessment was made, and returned to the state, is valid.