GUILLAUME, Respondent, vs. WISCONSIN-MINNESOTA LIGHT
& POWER COMPANY, Appellant.

*November 19—December 7, 1915.*

*Negligence: Injury to plants by gas: Evidence: Sufficiency: Instructions to jury: Special verdict: Form: Discretion.*

1. The evidence in this case, though largely circumstantial, is *held* to support a verdict to the effect that defendant, while repairing a service pipe, negligently permitted gas to escape into plaintiff's greenhouse, thereby causing injury to her plants.
2. It is not error to refuse to give a requested instruction which is not directed to any question in the special verdict, especially where such instruction may be misleading.
3. The form of a special verdict, so long as it covers the issues, rests largely in the discretion of the trial court.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to recover damages for injuries to plants belonging to the plaintiff, situate in a greenhouse in connection with plaintiff's dwelling on Sixth street in the city of La Crosse. It is the claim of the plaintiff that defendant's employees were guilty of negligence in repairing defendant's gas mains which extended into the plaintiff's premises, in consequence of which gas escaped into the greenhouse and poisoned the plants.

The jury returned the following verdict:

"(1) Did the servants of the defendant company fail to exercise ordinary care in the removal of stoppage in the gas pipes of the plaintiff at the time and place in question? *A.* Yes.

"(2) If you answer question number one 'Yes,' then was such failure to exercise ordinary care the proximate cause of the injury to plaintiff's plants? *A.* Yes.

"(3) Did the plaintiff or her servants or agents fail to exercise any ordinary care which contributed to the injury to her plants? *A.* No.

"(4) If the court shall finally determine that the plaintiff is entitled to recover, at what sum do you assess her damages? A. $500."

Motions for directed verdict, to change the answers in the verdict, and for new trial were denied, and judgment was rendered upon the verdict in favor of the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Lees & Bunge,* and oral argument by *George W. Bunge.*

*J. E. Higbee,* for the respondent.


KERWIN, J.    The greenhouse in question faced westerly on Sixth street and immediately in the rear of it was plaintiff's dwelling.    There was a door in the greenhouse leading from Sixth street and also a door from the greenhouse to the dwelling house.    The floor of the greenhouse was on a level with the street, but there was a basement or cellar under the whole length of the dwelling divided by brick partition walls. The west basement was next to the greenhouse and contained a coal furnace which heated the greenhouse.    There was an opening about three feet square in each partition wall dividing the basement.    There was a stairway leading from the greenhouse down through an open doorway into the basement under the west end of the dwelling.    East of this basement, but separated by walls, were two small cellars, each of which was entered from the kitchen at the east end of the dwelling. There were openings in these several cellar-wall partitions.

The defendant supplied gas for a gas stove in the kitchen of plaintiff's dwelling by a service main extending from the trunk in Sixth street under the greenhouse into the west basement of the dwelling.    The gas meter was on the west wall near the stairway leading into the greenhouse.

On March 1, 1914, plaintiff notified defendant that the gas stove was not working, and defendant's manager sent men to remedy the service.    The men arrived about 10 o'clock, and

the evidence tends to show that they remained about three quarters of an hour, the plaintiff being at church during this time; that there was no gas odor in the greenhouse at the time they arrived, and that after they left and when plaintiff returned from church there was a very strong smell of gas in the greenhouse so that she was obliged to open the doors and ventilators.   Some smell continued two days after the repairs had been made; in consequence of which escape of gas the plants were injured.

The testimony further tends to show that the employees of the defendant at the time in question worked in the kitchen, in the small cellar beneath the kitchen, and in the west basement, which opened directly into the greenhouse; that in making the repairs defendant's employees took out a length of pipe between the kitchen stove and elbow in the east cellar under the kitchen floor, found a small piece of ice in the pipe, which they removed, replaced the length of pipe, and turned on the gas; that plaintiff's daughter also found a quantity of "black, sticky stuff" under one of the benches in the greenhouse, which smelled of illuminating gas; that after it was removed the smell ceased.   There is evidence strongly tending to show and from which it may fairly be inferred that through the negligence of defendant's employees gas was suffered to escape and accumulate in the greenhouse and produced the injury to the plants complained of.

By consent of both parties the jury viewed the premises.

1. The first error assigned is that there is no sufficient evidence to support the verdict, therefore a verdict should have been directed.   It is contended by appellant that the basis of the plaintiff's claim to recover is (1) on account of gas which the defendant allowed to escape in the basement; and (2) fumes escaping from refuse taken from the gas pipes and deposited in the greenhouse, referred to in the evidence as "black, sticky stuff;" and it is claimed by appellant that the testimony on the part of the defendant is to the effect that defendant's employees did the work properly and allowed no

gas to escape, and that the testimony on the part of the plaint-
iff is circumstantial.   There is evidence, however, on the
part of the plaintiff which fairly and directly leads to the
conclusion that the gas was allowed to escape into the green-
house and caused the injury by the acts of the employees of
the defendant in making the repairs, and while much of this
evidence is circumstantial it was sufficient to support the ver-
dict.   A fact in a civil case may be established by circum-
stantial evidence when the circumstances are such as to lead
fairly and reasonably to the conclusion sought to be estab-
lished.   *Sanborn v. Walters,* 145 Wis. 84, 129 N. W. 644;
*Meyer v. Hope,* 101 Wis. 123, 129, 77 N. W. 720; *Gates v.
Hughes,* 44 Wis. 332, 336.   Where there is credible evidence
from which a reasonable inference can be drawn in support
of the claim of either party the question is for the jury.
*Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499; *Beyer v.
St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Hew-
itt v. Southern Wis. R. Co.* 159 Wis. 309, 150 N. W. 502.

We are convinced that there is ample evidence to support
the verdict.   A discussion of it would serve no useful pur-
pose.

2. Error is assigned because the court refused to charge as
requested: "You are instructed there is no evidence to war-
rant you in finding that the plaintiff's plants were injured by
any substance placed by the defendant or defendant's serv-
ants in plaintiff's greenhouse."   There was no error in re-
fusing to give this instruction.   In the first place it was not
directed to any question of the special verdict, and moreover
the instruction was misleading.   The jury might well have
understood that the "substance" referred to in the request
meant gas escaping from the gas main, and that there was no
evidence sufficient to support a finding that the plants were
injured by gas.

3. Error is assigned because the court refused to submit to
the jury as part of the special verdict the following: "Were
plaintiff's plants injured by gas manufactured by the defend-

ant ?" The questions submitted to the jury fully covered the issuable facts put in issue by the pleadings. The form of verdict, so long as it covers the issues, rests largely in the discretion of the court. *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215, 221, 78 N. W. 442; *Zimmer v. Fox River Valley E. R. Co.* 118 Wis. 614, 618, 95 N. W. 957.

The court submitted, first, whether the defendant failed to exercise ordinary care in the removal of stoppage in the gas pipes at the time and place in question; second, if the first question was answered in the affirmative, then was such failure to exercise ordinary care the proximate cause of the injury to plaintiff's plants. These questions disposed of the issues of defendant's negligence and proximate cause. There was no error in refusing to submit the question. *Berndt v. Cudahy,* 141 Wis. 457, 124 N. W. 511; *Anderson v. Sparks,* 142 Wis. 398, 125 N. W. 925.

We find no error in the record.