HANSEN, Respondent, vs. HOOD'S CREEK DRAINAGE
DISTRICT, Appellant.

*October 12, 1922—January 9, 1923.*

*Drains: Review of assessment of benefits and damages: Province
of jurors: Evidence: Special verdict: Form: Discretion of
court.*

1. Under sec. 1379—20, Stats., specifying the grounds of re-
monstrance against an assessment of benefits or damages by
drainage commissioners, and providing that evidence may be
introduced tending to show what assessments would be
equitable and just to the lands under contest as compared
with other lands in the district, the questions submitted for
a special verdict on the trial of such a remonstrance against
an assessment of benefits should have been whether the
assessment as made was excessive, and, if so, at what amount
the jury fixed such assessment; and questions as to the fair
market value of the remonstrant's premises on a specified
date, and their fair market value with the proposed drains
fully completed, were improperly submitted.

2. It is within the province of the jury on the trial of such a
remonstrance to review the assessments made by the com-
missioners.

3. It is clearly contemplated by the statute that the jury find how
much the lands were benefited by the construction of the
drains.

4. Under sub. 2, sec. 1379—20, Stats., the assessment must not
be based solely on the increased value of the particular land
standing alone, but must represent the benefits as compared
with all the other lands in the district, as, under the general
scheme of the drainage statutes, the total assessment is based
on the total benefits.

5. Trial courts may exercise considerable discretion in framing
special verdicts and such discretion will not be interfered
with so long as the proper issues are covered by appropriate
questions; but such rule does not contemplate the submission
of issues differing from those required by statute, not merely
in form but in substance.

6. In framing questions in a special verdict the safe practice is
to mold the form in accordance with the issue intended by
the statute, and, when possible, the exact language of the
statute should be used.

APPEAL from a judgment of the circuit court for Racine county: E. C. HIGBEE, Judge. *Reversed.*

This is an appeal by the *Hood's Creek Drainage District* from a judgment against it in favor of the respondent, *Andrew J. H. Hansen*, fixing the assessment of benefits upon his land at the sum of $655 and the damages at $25, with costs, and modifying the report of the commissioners accordingly.

In and by the final report of the commissioners of the district dated May 20, 1921, the lands of the respondent, referred to as parcels 125 and 123, were assessed in the sum of $1,630 for benefits; for cost of construction $978, and for damages $1, leaving a net assessment of respondent of $977. The cost of construction in the district was fixed at sixty per cent. of the benefits assessed.

Pursuant to sec. 1379—20, Stats., the respondent filed his remonstrance against the report of the commissioners, based mainly upon the following grounds:

"5. That the lands above described, known as parcels 125 and 123, which were awarded damages in the sum of one dollar ($1), will be damaged in a sum greatly in excess of the said sum, to wit, in the sum of five hundred dollars ($500).

"6. That the lands of your remonstrant known and described as parcels 125 and 123, which were assessed benefits in the sum of one thousand six hundred thirty dollars ($1,630), are in no wise benefited by the proposed work and should not be assessed for benefits in any manner or in any amount."

The issues raised by the remonstrant were thereupon, upon due demand of the remonstrant, tried before a jury, and a special verdict was prepared and submitted by the court, which special verdict is as follows, to wit:

"(1) Are the tile drains, as set forth and established in the report of the commissioners, sufficient to furnish ample outlet drainage to remonstrant's lands? *A.* (by the court). Yes.

"(2) What was the fair market value of remonstrant's premises on the 20th day of May, 1921?  A. $282 per acre.

"(3) What would have been the fair market value of said premises on said 20th day of May, 1921, with the proposed drains fully completed, in accordance with the plans and specifications for the same now on file herein? A. $302 per acre.

"(4) What sum will fairly compensate the remonstrant for the damage to his premises which will be occasioned by the construction of the drains in question?  A. $25."

Other material facts will appear in the opinion.

For the appellant there was a brief by *Hand & Quinn,* attorneys, and *William D. Thompson,* of counsel, and oral argument by *Mr. Thompson* and *Mr. P. M. Myers,* all of Racine.

For the respondent there was a brief by *Storms & Foley,* attorneys, and *Jerome J. Foley,* of counsel, all of Racine, and oral argument by *Jerome J. Foley.*

DOERFLER, J.   Were questions numbered 2 and 3, submitted by the court in the special verdict, proper questions; and did they fairly represent the true issues on the subject of assessment of benefits, as is contemplated by the statutes? On the subject of benefits, appellant's counsel requested the submission of the following questions as a part of the special verdict:

"2. Is the assessment of benefits amounting to the sum of sixteen hundred and thirty dollars ($1,630) excessive, taking into consideration all the evidence, facts, and circumstances proven upon the trial of this action?

"3. If you answer the second question 'Yes,' then in what amount do you fix such assessment of benefits?"

Sec. 1379—20, Stats., among other things, provides:

"1. Any owner or mortgagee of lands within said district or corporation assessed may remonstrate against such report because: . . .

"(c) Remonstrant's lands, specifying them, are assessed

too high, or other lands, specifying them, are assessed too low. . . .

"(d) Specified lands are assessed, which ought not to be assessed.

"(e) Specified lands or corporations should be assessed which are not assessed.

"(f) The damages allowed to specified lands or corporations are excessive or are too low. . . :

"2. In the trial of all remonstrances on benefits or damages, evidence may be introduced showing what benefits are assessed against and what damages are awarded to the lands in the district and such benefits and damages may be compared to determine whether they are equitable and just. Evidence may be introduced of the condition of the various tracts of land in said district and of the cost of further drainage or under-drainage necessary to give any assessed tract (the assessment against or award of damages to which is in contest) a drainage equal to other tracts in said district, and any and all other evidence may be introduced which tends to establish what assessments against and awards to lands under contest would be equitable and just as compared with other lands in the district.

"3. If the court finds that the report requires modification or amendment, it shall so order and the commissioners shall immediately file such modified and amended report with the court."

The statutes above quoted would clearly indicate that questions numbered 2 and 3 requested by appellant's counsel were framed in accordance with the intent of the legislative provisions and were designed to meet the express issues contemplated by the statutes and included in the specific remonstrance above referred to.

As is stated in the brief of respondent's counsel, "The province of the jury in a case like this is to review the assessments made by the commissioners." Naturally, an answer in the negative to question numbered 2 proposed by appellant's counsel would determine that issue on the subject of benefits and would end further inquiry on the subject. On the other hand, an affirmative answer would

leave on this subject but one inquiry, and that is the amount that the jury fix as such assessment of benefits.

That the third question is clearly contemplated by the statutory provision is made manifest by the decisions in *Rattlesnake D. Dist. v. Koshkonong M. C. D. Dist.* 150 Wis. 223, 136 N. W. 631, and *Ward v. Babcock,* 162 Wis. 539, 156 N. W. 1007, in which this court outlined the inquiry to be determined by the trial court or the jury as follows: "How much were these lands benefited by the construction of the drains in question?"

In place of the submission to the jury of the questions contemplated by the statute above referred to, the court, over the objection of appellant's counsel, submitted question number 2 of the special verdict, which required the jury to find the market value of remonstrant's premises on the 20th day of May, 1921, and question number 3, in which the jury were required to find the fair market value of said premises on said date with the proposed drains fully completed in accordance with the plans and specifications. Appellant's counsel contend that the answers to these questions are of no practical value to the court, in that they do not involve the determination of the statutory issues.

Sub. 2, sec. 1379—20, Stats., clearly indicates the nature of the required jury finding. Nothing is contained anywhere in the statutes which would indicate that the legislature had in mind the subject of the market value, but, on the contrary, special attention was given to the nature of the evidence which would be admissible and proper in a case of this kind, and under the subdivision last referred to it is stated in substance that the assessments against and awards to lands under contest should be equitable and just as compared with other lands in the district. In other words, the assessment must be an equitable one; one based not solely upon the increased value of the particular land of the remonstrant standing alone, but one representing the benefits as compared with all of the other lands in the district.

Under the general scheme involved in the drainage statutes, the total assessment of the cost of construction is based upon the total benefits of all lands within the drainage district.    An inadequate assessment on one piece of land must necessarily inequitably affect the other lands in the district, and an assessment on any particular piece of land which is so high as to be equitably out of proportion with the other lands in the district necessarily places an undue burden upon such particular piece of land.    It is for this reason that the issue upon a remonstrance like that in the instant case is defined by the statute, and such issue is the only proper issue to be submitted for determination.

It is true, as has been decided in *Ehlers v. Automobile L. Co.* 169 Wis. 494, 173 N. W. 325, and in *Guillaume v. Wisconsin-Minnesota L. & P. Co.* 161 Wis. 636, 155 N. W. 143, that trial courts may exercise considerable discretion in framing special verdicts, and that such discretion will not be interfered with so long as the proper issues are covered by appropriate questions.    The difference between the questions of the special verdict as submitted and those required by the statutes, however, is not a mere matter of form but a matter of substance, and while the rule laid down in the *Ehlers* and other cases might be deemed applicable if the variation were merely a matter of form, such rule does not contemplate or sanction the submission of a different issue.    However, the safe practice in all cases is to mold the form in accordance with the issue intended by the statute, and wherever possible the exact language of the statute should be used.

*By the Court.*—Judgment reversed and a new trial granted, and the cause is remanded to the circuit court for further proceedings according to law.